<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| _____ | ) | |
| | ) | |
| | ) | |
| LARRY DUIGUID, JR., | ) | Civil Action No. 2:15-cv-08528-SDW-LDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION** |
| DONNA ROBINSON et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | June 14, 2016 |
| | ) | |
| _____ | ) | |

**WIGENTON**, District Judge.

Before this Court is Defendant Assistant Prosecutor Ryan Magee's ("Defendant Magee") Motion to Dismiss pro se Plaintiff Larry Duiguid, Jr.'s ("Plaintiff") Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, Defendant Magee's Motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff Larry Duiguid, Jr. filed a Complaint in this Court on December 9, 2015, which named nine defendants, including Defendant Magee, a number of police officers, and a judge. (Dkt. No. 1.)  According to the Complaint, at approximately 1:20 or 1:30 A.M. on July 16, 2014,

---

[1] Venue is proper in this District pursuant to 28 U.S.C. §1391(b).  To the extent Plaintiff intended to state a claim pursuant to 42 U.S.C. § 1983, this Court has jurisdiction over this case under 28 U.S.C. §1331.

two police officers knocked on Plaintiff's door.  (Compl. at 6.)  After asking Plaintiff about his whereabouts that evening, the police officers notified Plaintiff that he had been "implicated in an incident and they need[ed Plaintiff] to come with them."  (*Id*.)  The police officers then drove Plaintiff to an area where an ambulance and an assault victim were located.  (*Id*.)  The assault victim then identified Plaintiff as her assailant and the officers escorted Plaintiff to a police station. (*Id*.)

Detective Dane Marble, a third police officer, interviewed Plaintiff at the police station. (*Id*. at 7.)  During the interview, Plaintiff explained that he did not assault the woman and agreed to take a polygraph, although the Complaint does not indicate whether a polygraph was conducted. (*Id*.)

At some point after the interview, Defendant was indicted but the charge was subsequently "dismissed."  (*Id*.)  The Complaint does not indicate what crime Plaintiff was charged with or on what basis the charge was dismissed.  (*Id*.)  It does, however, indicate that Plaintiff spent 443 days in the Bergen County Jail.  (*Id*.)  Moreover, Plaintiff claims that the assault allegation was "not investigated properly" and that Plaintiff's public defender "received several written statements" explaining that Plaintiff was in his residence at the time of the assault.  (*Id*.)

Although Defendant Magee is listed as a defendant in the Complaint's caption, the Complaint does not mention him in its narrative or explain how he was involved with any alleged wrongdoing.  (*Id*.)  In addition, the Complaint does not explain what cause of action Plaintiff's claim is based upon.  (*Id*.)  It does, however, state that Plaintiff suffered "emotional stress, depression, anxiety[,] . . . sleep disorders, [and] mood swings" and seeks $2,000 in damages for each of the 443 days Defendant was incarcerated.  (*Id*. at 4.)  The Complaint also indicates that the

sole basis for federal jurisdiction over this matter is that there is a "U.S. Government Defendant." (Compl. at 2.)

On May 9, 2016, Defendant Magee filed a Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 14.)  Plaintiff did not file any Opposition.

## II.    LEGAL STANDARD

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level[.]"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

## III.    DISCUSSION

Defendant Magee argues that Plaintiff's Complaint should be dismissed, as to Defendant Magee, because Plaintiff has not stated a claim upon which relief may be granted.  (*See* Def.'s Br. Supp. Mot. Dismiss 5-7.)  In considering Defendant Magee's argument, this Court notes that pro se complaints, "however inartfully pleaded, . . . . are [held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, "even 'a pro se complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

In this instance, Plaintiff's Complaint fails to state a claim as to Defendant Magee on a number of bases.  First, despite listing Defendant Magee as a defendant in the Complaint's caption, the Complaint's narrative does not mention Defendant Magee or how he was involved in any wrongdoing.  (Compl. at 6-7.)  Although the Complaint states that Plaintiff was incarcerated for a crime he did not commit, it does not provide any basis for this Court to conclude that Defendant Magee had any role in Plaintiff's prosecution or incarceration.  (*See id.*)

Second, the Complaint indicates that the only basis for this Court's jurisdiction over this matter is that the U.S. Government is a defendant.  (Compl. at 2.)  Despite being directed to indicate all bases for jurisdiction that apply (and being provided with the options), Plaintiff did not indicate that this Court has federal question or diversity jurisdiction over this matter.  (*See id.*)  Moreover, the Complaint does not indicate any cause of action or statute under which Plaintiff seeks relief.

4

(*See id.* at 6-7.)  These deficiencies make it impossible for this Court to determine on which cause(s) of action Plaintiff intended to base his claims (i.e., violation of federal or state laws).

In light of these deficiencies, Plaintiff's Complaint has not provided Defendant Magee with fair notice of the claims against him or the grounds upon which those claims rest.  *See Twombly*, 550 U.S. at 555.  Accordingly, Plaintiff's Complaint must be dismissed as to Defendant Magee for failure to state a claim upon which relief can be granted.[2]

## IV.   CONCLUSION

For the reasons set forth above, Defendant Magee's Motion to Dismiss is **GRANTED**.  An appropriate order follows.[3]

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**


Orig:        Clerk
cc:          Magistrate Judge Leda D. Wettre
             Parties

---

[2] Although Plaintiff's Complaint does not indicate that Defendant Magee violated Plaintiff's constitutional rights, this Court notes for Plaintiff that "a prosecutor is immune from damages in a [42 U.S.C.] § 1983 action for her initiation of a prosecution and presentation of a state's case." *Gause v. Haile*, 559 F. App'x 196, 198 (3d Cir.), *cert. denied*, 135 S. Ct. 144 (2014) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Moreover, New Jersey county prosecutor's offices are regularly found to be entitled to immunity under the Eleventh Amendment.  *See, e.g.*, *Rouse v. N.J. Dep't of Health & Human Servs.*, No. CV 15-01511, 2015 WL 5996324, at *3 (D.N.J. Oct. 13, 2015); *Paez v. Lynch*, 7-cv-5036, 2009 WL 5171858, *4 (D.N.J. Dec. 23, 2009); *Mikhaeil v. Santos*, 10-cv-3876, 2011 WL 2429313, *4 (D.N.J. June 13, 2011).

[3] Plaintiff's Complaint is also deficient as to Judge Louis Dinice for the same reasons it is deficient as to Defendant Magee.  Accordingly, this Court dismisses Plaintiff's Complaint as to Defendant Judge Dinice *sua sponte*.