**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARRY DUIGUID, JR., | Civil Action No. 2:15-cv-08528-SDW-LDW |
| Plaintiff, | |
| v. | **OPINION** |
| DONNA ROBINSON et al., | |
| Defendants. | August 11, 2016 |

**WIGENTON**, District Judge.

Before this Court is the Motion to Dismiss of Police Officer Richard Maietta, Police Officer Nart Marza, Police Officer Anthony Iannacone, Detective Jason Klosk, Detective Dane Marble, and Lieutenant Corconran[1] (collectively, the "Defendant Police Officers"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Defendant Police Officers' Motion is **GRANTED**.

---

[1] Neither Plaintiff Larry Duiguid, Jr. ("Plaintiff") nor Lieutenant Corconran's counsel have provided this Court with Lieutenant Corconran's first name.

[2] Venue is proper in this District pursuant to 28 U.S.C. §1391(b). To the extent Plaintiff intended to state a claim pursuant to 42 U.S.C. § 1983, this Court has jurisdiction over this case under 28 U.S.C. § 1331.

**I. PROCEDURAL HISTORY**

Plaintiff Larry Duiguid, Jr. filed a Complaint in this Court on December 9, 2015, which named nine defendants. (Dkt. No. 1.) In addition to the Police Officer Defendants, the Complaint named Assistant Prosecutor Ryan Magee, Judge Louis J. Dinice, and Donna Robinson as defendants. (*Id.*) On June 14, 2016, this Court dismissed the Complaint as to Defendants Magee and Dinice. (Dkt. No. 17.) On June 24, 2016, the Defendant Police Officers filed the Motion to Dismiss currently before this Court. (Dkt. No. 19.) Plaintiff has not filed a brief in opposition.

**II. FACTUAL HISTORY**

According to the Complaint, at approximately 1:20 or 1:30 A.M. on July 16, 2014, two unidentified police officers and Defendant Klosk knocked on Plaintiff's door. (Compl. at 6.) After asking Plaintiff about his whereabouts that evening, Defendant Klosk notified Plaintiff that he had been "implicated in an incident and they need[ed Plaintiff] to come with them." (*Id.*) The police officers then drove Plaintiff to "the residence of Donna and Kevin Robinson." (*Id.*) They then took Plaintiff "to the rear of the ambulance" where an unidentified assault victim identified Plaintiff as her assailant. (*Id.*) The officers then escorted Plaintiff to a police station. (*Id.*)

Once Plaintiff arrived at the police station, Defendant Marble interviewed him. (*Id.* at 7.) During the interview, Plaintiff explained that he did not assault the woman and agreed to take a polygraph, although the Complaint does not indicate whether a polygraph was conducted. (*Id.*) Plaintiff also claims that the assault victim "told the detective two or more stories" which falsely accused Plaintiff of being "hired to assault her" and of assaulting her "because she told on someone whom I know that was a residence [sic] on [the same street Donna and Kevin Robinson lived on]." (*Id.*)

2

At some point after the interview, Plaintiff was indicted but the charge was subsequently "dismissed." (*Id*.) The Complaint does not indicate what crime Plaintiff was charged with or on what basis the charge was dismissed. (*Id*.) It does, however, indicate that Plaintiff spent 443 days in the Bergen County Jail. (*Id*.) Moreover, Plaintiff claims that the assault allegation was "not investigated properly" and that Plaintiff's public defender "received several written statements" explaining that Plaintiff was in his residence at the time of the assault. (*Id*.)

Although the Defendant Police Officers are listed as defendants in the Complaint's caption, the Complaint does not mention Defendants Maietta, Marza, Iannacone, or Corconran in its narrative or explain how they were involved in any alleged wrongdoing. (*Id*.) Nor does the Complaint explain Defendant Robinson's role in any alleged wrongdoing. (*Id*.) In addition, the Complaint does not explain what cause of action Plaintiff's claim is based upon. (*Id*.) It does, however, state that Plaintiff suffered "emotional stress, depression, anxiety[,] . . . sleep disorders, [and] mood swings" and seeks $2,000 in damages for each of the 443 days Defendant was incarcerated. (*Id*. at 4.) The Complaint also indicates that the sole basis for federal jurisdiction over this matter is that there is a "U.S. Government Defendant." (Compl. at 2.)

**III.   LEGAL STANDARD**

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d

224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## IV. DISCUSSION

The Defendant Police Officers argue that Plaintiff's Complaint should be dismissed, as to the Defendant Police Officers, because Plaintiff has not stated a claim upon which relief may be granted.[3]  (*See generally* Defs.' Br. Supp. Mot. Dismiss.)  In considering the Police Officer Defendants' argument, this Court notes that pro se complaints, "however inartfully pleaded, . . . .

---

[3] The Motion to Dismiss currently before this Court was also submitted on behalf of Judge Louis Dinice. (*See* Defs.' Br. Supp. Mot. Dismiss.)  However, this Court will not consider the Motion's arguments as to Judge Dinice because Plaintiff's Complaint was previously dismissed as to Defendant Dinice. (*See* Dkt. No. 17.)

are [held] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Nonetheless, "even 'a pro se complaint must state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

In this instance, Plaintiff's Complaint fails to state a claim as to the Police Officer Defendants on a number of bases. First, despite listing Defendants Maietta, Marza, Iannacone, and Corconran as defendants in the Complaint's caption, the Complaint's narrative does not mention any of these four defendants or discuss how any of the four were involved in any wrongdoing. (Compl. at 6-7.) Although the Complaint states that Plaintiff was incarcerated for a crime he did not commit, it does not provide any basis for this Court to conclude that Defendants Maietta, Marza, Iannacone, and Corconran had any role in Plaintiff's arrest or imprisonment. (*See id.*)

Second, although the Complaint does mention Defendants Klosk and Marble in its narrative, it is unclear what wrongdoing Plaintiff is accusing them of being personally involved in. (*See* Compl.) The Complaint states that Defendant Klosk notified Plaintiff that Plaintiff had been implicated in a crime and that Defendant Marble interviewed Plaintiff at the police station. (*Id.* at 6-7.) The Complaint also claims that the assault was not sufficiently investigated. (*Id.*) The Complaint does *not*, however, provide sufficient detail for this Court to infer that Defendants Klosk and Marble were personally involved in any wrongdoing. *See Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 222-23 (3d Cir. 2015) ("a plaintiff must demonstrate a defendant's 'personal involvement in the alleged wrongs.'" (quoting *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988))).

5

Third, the Complaint indicates that the only basis for this Court's jurisdiction over this matter is that the U.S. Government is a defendant. (Compl. at 2.) Despite being directed to indicate all bases for jurisdiction that apply (and being provided with the options), Plaintiff did not indicate that this Court has federal question or diversity jurisdiction over this matter. (*See id.*)  Moreover, the Complaint does not indicate any cause of action or statute under which Plaintiff seeks relief. (*See id.* at 6-7.)  These deficiencies make it impossible for this Court to determine on which cause(s) of action Plaintiff intended to base his claims (i.e., violation of federal or state laws). Nonetheless, to the extent Plaintiff intended to assert a violation of his constitutional rights under 42 U.S.C. § 1983 for false imprisonment, the Defendant Police Officers must have lacked probable cause to arrest Plaintiff. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) ("an arrest based on probable cause could not become the source of a claim for false imprisonment") (citing *Baker v. McCollan*, 443 U.S. 137, 142 (1979)).  Yet, Plaintiff admits that the assault victim identified him as her attacker, that the victim provided a detective with information on a potential motive for such an attack, and that Plaintiff was subsequently indicted. (Compl. at 6-7.)  Under these circumstances, probable cause for the arrest is demonstrated and Plaintiff's claim, to the extent it is based on false imprisonment, must be dismissed. *See Orsatti v. New Jersey State Police*, 71 F.3d 480, 483 (3d Cir. 1995) ("probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested")

Finally, with regard to the last remaining Defendant, Donna Robinson, Plaintiff has not provided sufficient detail in the Complaint for this Court to determine who she is or what involvement she had in Plaintiff's arrest or imprisonment. (*See* Compl.)  Although Plaintiff claims the police officers took him to Defendant Robinson's residence, the Complaint does not state

6

whether Defendant Robinson was the assault victim. (*Id.*) In light of these deficiencies, Plaintiff's Complaint has not provided Defendant Robinson or the Defendant Police Officers with fair notice of the claims against them or the grounds upon which those claims rest. *See Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's Complaint must be dismissed as to the Defendant Police Officers and Defendant Robinson for failure to state a claim upon which relief can be granted.

V. **CONCLUSION**

For the reasons set forth above, the Defendant Police Officers' Motion to Dismiss is **GRANTED**. This Court also dismisses Plaintiff's Complaint as to Defendant Robinson *sua sponte*. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Magistrate Judge Leda D. Wettre
       Parties